Eric S. and Ashley T.S. v. The Ballston Spa School District Alright, Mr. De Oliveira, am I pronouncing that right? Yes, Judge. A lot of funny last names here today, huh? No, that's not true. It's pretty straightforward. So, De Oliveira. Am I saying that right? Correct, Judge. Great. Alright, you're reserved two minutes for rebuttal, so that gives you eight minutes now. Yes. May it please the Court, Carlo De Oliveira on behalf of the appellant in this appeal. And I'd like to begin my argument by quoting a decision by this Court in Disabled Inaction v. Board of Education, which is not a dissent, but a decision authored by Judge Chin, where the Court affirmed summary judgment on the Title VII and Section 504 claim and a grant of a preliminary injunction where the Board of Education in the City of New York failed to provide meaningful access to voters, disabled voters, to polling sites in the City of New York. In that case, the Court quoted, the Court stated, it is not enough to open the door for the handicapped. A ramp must be built so that the door can be reached. In this case, Your Honor, in our case, ABA is the ramp. Applied behavior analysis is the way that this child can have a meaningful access to an education. But that's, I mean, that is really related to the IDEA, right? That's about education. It's not like a ramp. An adult couldn't bring a claim seeking ABA services from a theater or a library or a school, right? Well, I disagree, Your Honor. Really? So an employee who worked at the school could be entitled to this kind of relief? No, but I want to focus on what the IDEA provides. The IDEA provides relief for the denial of FAPE. FAPE, the definition of FAPE, Your Honor, is special education and related services. No, no, I understand all that, but I think the point is if this is about a FAPE, then you've got to exhaust, which you didn't do, right? And that's what the district court found. If the relief being sought in the complaint was for the denial of FAPE, which the submit was not, then I would agree with Your Honor. Then in terms of the preliminary injunction, wasn't the relief sought precisely the kind of relief that you get through the IDEA? Yes, Your Honor, but I want to... If the answer is yes, then doesn't the exhaustion requirement apply? Yes, but I think we're missing one step, Your Honor, and the step is the Supreme Court in Frye stated that if you have a stand-alone claim of disability discrimination, you do not have to exhaust. If you're not... You don't have to exhaust with respect to the damages claim because you can't get damages under the IDEA, but the question is the injunction. The injunction sought to require the school system to include the ABA therapy, right? Correct. That's what the injunction sought? Correct. And isn't that in essence asking for the plan to be revised, the IEP to be revised? No, Your Honor, that's what I'm trying to explain because if you read the complaint, there is never an allegation that the IEP has to be revised. The complaint specifically says... But in essence, isn't that what you're asking? Yes, but the Supreme... No, that's not what I'm asking, Your Honor. What we are asking is that this child be provided reasonable accommodation so that the child can have access to the FAPE. So we are not getting... Let me give you an example. This child was in preschool receiving a FAPE. He was receiving... I understand that, and he was doing very well with the therapy. But in the IEP that was granted, it did not include ABA therapy, and you wanted to include ABA therapy, right? Yes. And that, therefore, you want the IEP revised. No, because the ABA therapy is not a special educational services or a related services that would ordinarily be present in an IEP. The ABA is a medical recommendation. And I think Judge Kahn, in a previous argument, stated that lawyers should not act like doctors, and doctors should not act like lawyers. ABA is a medical recommendation. What the idea provides... There are many services within an education plan that include medical services, vision therapy, all kinds of services that are part of an education plan. Just because ABA therapy is given by a clinician, a therapist, doesn't mean it falls outside of an education plan. Well, this is an important point, Your Honor, because it is true. But those services that are provided in the IEP are services recommended under FAPE, special education-related services that are recommended by school officials. ABA therapy is not a service that can be recommended by a school official. Therefore, it's outside the FAPE. Could an adult sue the Boston School District, demanding ABA therapy? Well, no, because an adult is not receiving, seeking a benefit of an education from the Boston Central School District. And this is why the hypothetical in FI does not apply here. If the answer is no, doesn't the relief you're seeking is really relief you would get, you could get under the IDEA? Well, this is what the hypothetical in FI suggests, right, Your Honor? But the hypothetical in FI also... What FI also suggests is that in order to look for the engravement of the complaint, you also must look if the complaint... Could you, if you were to prevail, get ABA therapy as part of the IEP under the IDEA? The ABA could be provided. I see that my time is almost up. Could be provided under the IEP, but not necessarily, because this is a medical recommendation. But is it the law that if it could be obtained under the IDEA, then you must exhaust it? I think... Even if your complaint doesn't cite the IDEA? What I think the district court decision does, Judge, is exactly what the Supreme Court in O'Seal instructed courts not to do, which is to make it more difficult for disabled school children to secure remedies available under Title II and Section 504. But why is this more difficult? I don't think anyone is here suggesting that the ABA therapy isn't necessary. The only point is you have to go through the IDEA process. You have to just go to the school district, and that brings the relevant experts involved. Yes, Your Honor. You didn't do that. If, if, if ABA therapy, if what the family were asking was to change the IEP to include ABA, that is not what the complaint asks. Counsel very ably convinced the district court that a stand-alone ABA claim was an IDEA claim. But if your client is to get ABA therapy that's to be paid by the school district, it has to be part of the education plan. Correct? It doesn't necessarily have to be part of the education plan. It can be part of a Section 504 plan. That's the distinction that I'm trying to make. Because this is a medical therapy to accommodate a disability, which is the ramp so the child can have access to the education, it doesn't necessarily have to be. But it still has to be part of the entire treatment plan for the child as part of the education services, because the hook is that the school has to provide the educational services. This, to me, stands in stark contrast to a case that I actually happened to author, Doe v. Franklin, where the issue there was this was decided in last year, 2024. There, the child sought to be exempt from the mask, having to wear a mask to school. And in that case, this court said that's different. That's not part of the IDEA. That is equivalent to a ramp. So any teacher could raise the same claim. Any visitor to the building could raise the same claim. Here, the only person who can raise that claim is your client. So I don't see how he satisfies the test set forth by the Supreme Court in Frye and as we have applied in Doe v. Franklin. I understand your point, Your Honor, and I'm familiar with your decision, but this case is different.  Because Frye says that the relief. Well, I agree it's different, because in Doe, it wasn't part. There was no requirement for exhaustion. So I agree with you that it's different. So tell me why the result should be the same as in Doe v. Franklin. Because if you read Frye and Perez to limit this child's ability to assert a stand-alone discrimination claim such as this one, simply because the allegation, as the district court stated, implicates the right to an education, then no school children with disability will ever be able to assert a stand-alone claim for disability. That's not true. That's not true. If we're just talking about a ramp, you wouldn't have to go through the IDEA process to get a ramp installed so the child could get into the school or get into the gymnasium. An adult could bring the same claim to get a ramp set up. You're talking about something different. You're talking about not a ramp. You're talking about treatment that is part of an educational program. So why is it so difficult to just go through the regular process? Because a ramp is a physical barrier, Your Honor. What this child has are behaviors that are associated to his disability, and the behaviors themselves are the ones that are preventing him from having access to a FAPE, to the education, to the special education services. That's why when he received the ramp, he received the ADA during preschool with the special education. Wouldn't it have been simpler to go through the process and come all the way up here and given the amount of time that's gone by? Because, in our view, Judge Chen, there is no requirement to exhaust a stand-alone discrimination claim that is simply asking for a child to be accommodated, because the behaviors the child is exhibiting in school is preventing him from having access to education. And without this accommodation, But those are precisely the types of issues that are discussed in the context of an appropriate education plan for a child with conditions or disabilities. That's precisely why it should be discussed in the context of the child's entire education. It's no different than if a child needs a particular type of glasses or a particular type of vision correction so they could access their other services. That's why it's part, naturally part, of the education plan. It is different. I know my time has expired, but may I answer your question? It is different in the sense that without this ramp, without this therapy, the child cannot access the services being provided in the IEP. And because this is a medical service. It wouldn't be true of glasses? It wouldn't be true of hearing aids or, you know, other services? It would be true of hearing aids. And, in fact, we cited a case from the Fifth Circuit, the Lahr-T case, which it goes to the point, even though the Lahr-T case, the family actually filed an IDA claim, was unsuccessful in the IDA claim, filed an ADA claim, and the Fifth Circuit concluded that, yes, you are entitled to file an ADA claim because this has to do with the child's inability. The hearing aid was provided, but the court concluded that it was not provided in a way that provided meaningful access to an education. So, yes, the hearing aid is one example, and the Fifth Circuit agreed with us that you can assert an ADA claim alone. You don't have to exhaust. If this court were to affirm the district court decision, every time a family has a child in a school setting with a disability, that naturally any disability will implicate their rights to an education. So every time that happens, then a child will have to exhaust administrative remedies, even though the Supreme Court says that you are entitled to an ADA claim, a stand-alone ADA claim. All right. Well, you've reserved two minutes for rebuttal. Thank you, Judge. We'll have it from Mr. Quesnel. Continue the parade, Your Honor. Quesnel. Quesnel would be like a K. Oh, sorry. Good morning, Your Honors. May it please the Court. I think Your Honor asked the question I've asked myself a lot over the last year, since this appeal was filed, or since the original order to show cause was filed, which is why not use the IDA? If we go back to the original order to show cause, I do think it's important. This is in the record on page 59 and 60. This is exactly what the plaintiffs asked the district court to do, order the school district to implement the recommendations made by Dr. Jody Cohen in her independent educational neuropsychological evaluation, which recommended the district to change the educational program offered to J.S. to include a structured ABA program that is closely supervised by a board-certified behavioral analyst, including a one-to-one aide who is trained and supervised in ABA therapy, to help J.S. make progress while this action is pending. That addresses a number of the questions Your Honors have raised to the Court. First, that examination, despite what is referenced as the child's pediatrician in the reply briefs, that examination was held pursuant to the due process provisions of the IDA, pursuant to 8 NYC RR subsection 200.5G. The parents asked for this examination. They felt that the child should have ABA, and the doctor examined the child, and the doctor determined that in her estimation the child should have some ABA services. The school convened its committee on special education. As Your Honors said, it would be the normal course. The district decided that some aspects of ABA would be included in the child's program, but not others. At that moment, the plaintiffs had two choices. One, request an independent hearing officer review that decision to determine if the district's decision was the correct one. And if they didn't like that, they could then go to the state review officer, who would then review that independent hearing officer's examination. And if that didn't go their way, that would be the point to come before the district court. They went the other way. They immediately halted that process, and they began the order to show cause. And here we are a year later, and we are still debating this issue, when that process could have been mostly gone through by that point. And presumably that process is not gone, because this is an annual review, and so at next year's annual review, the parents can make the same request, rely on the same evaluation, and pursue their administrative remedies and exhaust those if they lose. I would agree with Your Honor and add that they don't have to wait. They could do that right now. But obviously your client also has the authority to say, well, you know, it's been a year, perhaps we should try if the child – I mean, I know this is not before us, but in terms of options, your client also has options, right? Your client could say, you know, let's moot this appeal. The child is having some issues. He seemed to have been doing better with ABA therapy. We'll go ahead and provide it, right? I would not disagree with that. You could do that. If that's what the school felt was appropriate. But yet here we are today as well. I agree. With these choices. Okay. And again, within that request for relief is exactly what Your Honor was talking about. Change the child's educational program. Well, what is an educational program? That's another way of saying an IEP, an Individualized Education Program, IEP. And what do we want the school to do? Well, we want you to hire somebody or train your people. We want you to have a one-to-one aide who will be with this child at all times to give him ABA therapy. My client will be paying for that. In order to legally set all of that up, this child's IEP will have to be changed. There is no question about that. It would be legally deficient if we were providing the child with any service that was not reflected in their IEP. They could come here and raise a concern about that. Is it your argument basically that under Frye, the test set forth in Frye, the first question is could the plaintiff have brought essentially the same claim if the alleged conduct had occurred at a public library or some other public facility? And the answer is no, at a museum or a public library, let's say. And two, can an adult at the school bring essentially the same grievance? And the issue there is no, correct? Correct. In this case, no, which was not the case in Doe v. Franklin, which was an issue of the requirement to wear a mask to just access the school in the first place. Correct, Your Honor. As you have pointed out, the mask, you could raise that issue in your local municipal facility. You could be raised by an adult. The child could be raised by anyone. That is a stand-alone IDEA claim. I don't know if it's relevant, but how long does the exhaustion process typically take? I have to take pause at the word you used, Your Honor, typical. It's not a quick process. I think a lot of it is the scheduling and the preparation, but once the hearing gets underway, it does tend to be fairly quick. It would be inappropriate for me to say in this case it would take a year or less than a year, but based on my experience of working with 100 school districts for 20 years, I would say that within a year, you are certainly going to get an IHO decision, but it's not in the records, so I really don't feel it's appropriate for me to opine on that. I think there's another question that was raised in Frye, which, again, can illuminate the Court on why. When one reads the complaint in this case, it is not hard to conclude that the gravamen is to challenge whether this child was denied a fate. The Supreme Court said, Does the claim more closely resemble a child suing for discrimination because a school bus lacks access ramps, or is this about a student with a learning disability suing for failing to provide remedial tutoring in math? And, again, we would say this situation falls much more in line with remedial tutoring than it does with a bus access ramp. And, of course, the last factor the Supreme Court identified in Frye was the history of the proceedings, and as I began, this case began when the plaintiffs stopped the internal process at the school of trying to determine what is the appropriate education plan for the child and immediately ran via an order to show cause to the district court. I think the other piece of Perez tells us we have to look at the remedy that's being sought here. Is this some, you know, and I think when this lawsuit began, my law firm looked very closely at the complaint, and it was clear this is a case about damages, money. They weren't asking for any injunctive relief when this case began. And so what our court said, when this case began, you can do that. You can come into my courtroom and pursue an ADA 504 claim if all you are seeking is money damages. But the moment the plaintiffs filed their order to show cause, it changed it. And that's the rule we're really asking this court to adopt, that even though the plaintiffs are not pursuing an IDE claim, that in line with the footnote nine in the Doe decision, that if you are going to pursue injunctive relief, that relief has to wait. To use Your Honor's word, a request for that relief is barred or deferred until such time as the IDA procedures are exhausted. And that's what we ask this court to do, to send this case back to the district court with an affirmance that injunctive relief should not have been granted, that the district court did not abuse its discretion by denying that injunction, and to require if the plaintiffs want to change this child's IEP, to use the procedures that have been spelled out by federal and state law. Is there any other questions? I'll rest in my brief. Okay. Thank you, Mr. Cornell.  Mr. De Oliveira. Yes. Two minutes for rebuttal. Thank you, sir. Briefly, with respect to Frye, Frye says if the relief sought in the complaint is not for the denial of FAPE, then exhaustion does not apply. The district court acknowledged that the plaintiff's request for relief. The language from your order to show costs, as counsel read it, certainly sounds like you were seeking a change to an IEP. Your Honor, the word change is because we – the district court acknowledged on page 17 and 14 of the record that the plaintiff seek relief under Title II and Section 504. Under Frye? In terms of the substance of what you were looking for, you had a recommendation from the doctor after the due process provisions of the IDEA were invoked, and you wanted that recommendation included or implemented. Your Honor, I want to make sure it's clear. You said after the IDEA procedure was invoked. The IDEA procedure was never invoked in this case, ever. And this is why this is distinguishable from the case that Judge Connell was referring to, that she authored, and also Perez, where the IDEA procedure was invoked. Before the school system, the due process provisions of the IDEA were not utilized to have a hearing? No. There was never a formal request. And that's why I keep pointing out to Frye. When we use the hypotheticals, Justice Kagan was simply giving an example as to how to find out what the engravement of the complaint is. But you did begin the evaluation done by the physician to recommend this therapy was done in the context of a school, a request for evaluation to add these services. No? No, Your Honor. Your opponent just represented that it was in the context of requesting proper evaluations to formulate a plan that this evaluation was done recommending ABA. And this is why I give credit to defense counsel. He was very able to turn an ABA case into an IDEA case. But that's not true, Judge. If you look at the record, this child received ABA therapy in preschool because it was recommended by his developmental pediatrician. When the child began kindergarten, he continued to receive the same special education services related services he was receiving in preschool with the exception that now the school districts say, we're not going to provide you ABA. And the record shows that from kindergarten up until fourth grade, this child regressed. He continues to receive special education services related services, but he's regressing. Why? Because he's not getting access to the education. It's like if you're teaching a child in a different language, you can provide the child special education services, speech therapy, occupational therapy, 24 hours a day. But if you're providing that therapy, those special services in a different language that the child cannot understand, the child will never have access to the education. So it's not true that this child or the parents invoked the idea of formal procedures. So is your view then that the relief you're seeking with your preliminary injunction could not be granted through the regular IEP process? That is not what I'm saying. I didn't think it was. So if that is the case, then why isn't this primarily a dispute over a FAPE that should go through that process? Because in the complaint, we never allege denial of FAPE as the relief being sought. What we allege is the failure to accommodate. Again, we get to look past just the language you use in your complaint or the artful pleading. And I guess I'm still trying to have you answer the question that Judge Chin posed, which is why not just do it the way it's usually done? Because as the Supreme Court ---- No, you're saying there's a legal reason that you don't have to. I'm saying why as a practical reason is it better to short-circuit the system and come up through the court system this way? Because we're not challenging, Judge Sullivan, we're not challenging the IEP. This child can very well do really well in school with the services currently being provided in the IEP if the child has access to it, if the child is able to understand it. This child cannot even access the services in the IEP because of his behaviors. All experts ---- But that same relief could be provided through the IEP process, right? The things that you're seeking, a one-to-one aid, a structured ABA program, all of that would be available through the IEP process. I would argue no, Your Honor, because ABA therapy is not a related service under FAPE, under the idea ABA therapy is a medical service. And that's why I think counsel did a very good job convincing the court that this is a FAPE. But if you look at the definition of FAPE, it's special education services and related services provided, recommended by school experts to go in the IEP. We never claim that the IEP was wrong. We never claim that the services in the IEP were wrong. What we're claiming is my client cannot ---- The question is whether you could have. The question is whether you could have asked for it. And if the answer is yes, then you should have exhausted it. But we don't have, Judge Chin, we don't have to assert, and the court actually ---- It may be that they are totally wrong and the ABA therapy was absolutely necessary. But if it's the type of thing you could have gotten through the IDEA process, then you had an obligation to exhaust it. But the Supreme Court has recently said that ---- You keep saying that. No, but the school children with disability, school children with disability should not be treated at a higher standard. We understand the legal argument. All right, we're way over, so we will reserve decision. But thank you both. Thank you, Judge. Thank you.